11WOODARD, Judge.
The defendant, Concordia Parish School Board (school board), appeals from the trial court’s determination that it violated the provisions of La.R.S. 17:422.6 by reducing salary supplements on July 27, 1992, thereby entitling the plaintiffs, Frances Netherland (Netherland) and Rosa Elaine (Elaine), school board employees, to a declaratory judgment. For the reasons below, we affirm.
FACTS
Pursuant to a resolution adopted by the school board in September of 1990, all support personnel of the Concordia Parish School System were to receive salary supplements which came from a local sales tax. Netherland, a school board bus operator since 1961, and Elaine, a school board custodian since 1964, each received salary supplements in the amount of $1,500.00 during the 1990-91 school year. However, starting in the fall semester of 1992, the school board reduced salary supplements after hearing a proposal from James E. Lee (Lee) who became the school board superintendent in January of 1992. By special meeting on July 27, 1992, theRschooI board voted unanimously in favor of a proposal to reduce the salary supplements of school board employees by 20% for the 1992-93 school year. As a result of that action, Netherland’s and Elaine’s salary supplements were each reduced from $1,500.00 to $1,200.00.
The school board discussed a variation of that proposal months earlier in a special meeting on April 14, 1992, wherein Lee presented a reduction proposal that was to be phased in over two years, at the rate of 10% for the 1992-93 school year and 10% for the 1993-94 school year, effective July 1, 1992. During a regular meeting on May 19, 1992, the school board scheduled a parish-wide, one-cent sales tax election to take place on July 18,1992; however, the voters of Concor-dia Parish rejected that proposition. The school board then called a special meeting on July 27,1992 and approved a revised proposal that implemented the entire 20% reduction in salary supplements at one time during the 1992-93 school year, to be made effective September 1,1992.
*98 Netherland and Elaine subsequently filed suit on June 28, 1993, claiming that the school board’s action of July 27, 1992, which had an effective date of September 1, 1992, was null and void as being in direct violation of La.R.S. 17:422.6, which had an effective date of July 13,1992. The school board filed a motion for summary judgment on June 15, 1994, alleging that the 20% reduction of July 27, 1992 was a repeat of the 10% / 10% reduction of April 14, 1992, which it claimed was implemented on July 1, 1992. That motion was denied to allow Netherland and Elaine an opportunity to depose Lee. The school board filed another motion for summary judgment on January 24, 1995, which was also denied.
Trial was held on June 12,1997. After the announcement of stipulations and the admission of the school board’s meeting minutes and Lee’s deposition, the matter was taken under advisement; no live testimony was given. By judgment dated October 15, 1997, the court held that the school board’s action in increasing the salary reduction violated La.R.S. 17:422.6. The court also issued a declaratory judgment in favor of Netherland and Elaine precluding the school board from imposing an additional 10% cut for the 1992-93 school year. The school board suspen-sively appeals from that judgment.
JsLAW
The sole assignment of error of the school board is that the trial court erred in ruling that the school board’s July 27, 1992 action was in direct contravention of La.R.S. 17:422.6. The question before us is whether the school board’s actions on July 27, 1992, which had a net effect of adding an additional 10% cut to the 10% cut that was already in place for the 1992-93 school year, violated La.R.S. 17:422.6, which was effective July 13, 1992. According to La.R.S. 17:422.6:
A.Notwithstanding any other provisions of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year; nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
B. For purposes of this Section, the term “school employee” shall mean, without limitation, a teacher aide, paraprofessionals, school bus driver, food service worker, clerical, custodial, and maintenance personnel, and any other employee of a city or parish school board, of a state school for the deaf, blind, spastic, or cerebral palsied, or of State School District No. 1 who is not required to hold a teacher’s certificate as a condition of employment.
C. The provisions of this Section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of or exploration for minerals, including severance taxes, royalty payments, bonus payments, or rentals.
D. Nothing in this Section shall be construed to prevent local school boards from reducing personnel or staff as may be necessary.
E. For purposes of this Section, local bonuses or one-time special salary increases shall not be considered as salary.
(Emphasis added.)
The school board advances several theories concerning why the trial court’s decision was erroneous. First, it argues that the reduction at issue was originally approved on April 14, 1992, and implemented on July 1, 1992, thereby allowing it to barely escape the mandate of La.R.S. 17:422.6, which was not effective until July 13, |41992. The school board then argues that since the statute makes no express mention of a retroactive application, its April 14, 1992/July 1, 1992 action(s) cannot be questioned.
The trial court’s determination that the illegal action in question took place on July 27,1992, as opposed to April 14,1992 or July 1, 1992, is a question of fact that must be afforded great deference in the absence of manifest error. See Arceneaux v. Do- *99 mingue, 365 So.2d 1330 (La.1978). There is evidence in the record to substantiate the reasonableness of the trial court’s finding. The affidavit of Charles Partridge and Johnnie Brown, board members present at the April 1992 meeting, establish that the salary-reduction ultimately imposed was not the one proposed at that board meeting. They attested to the following in their affidavit:
6. That a number of proposals and possible courses of action were discussed and explored during 1992_ A proposed course of action was approved which would reduce costs_ The proposal was to take effect on July 1, 1992. However, said proposal never took effect and did not become effective on July 1, 1992. The April proposal was subsequently replaced by another proposal voted upon at the meeting of the board on July 28,1992.
7. That the reason for the board’s failure to implement the proposal adopted on April 14, 1992, was that the Concor-dia Parish School Board called a special election to be set for July 18, 1992, placing before the voters of Concordia Parish a tax which would allow the Concor-dia Parish School Board to avert any reductions in salaries being paid to its employees. The board opted to await the results of the tax election before implementing any cost-cutting proposals.
9. That as a result of the failure of the tax passage, a special meeting of the Concordia Parish School Board was called on Monday, July 27, 1992. A new and different cost-cutting proposal was placed before the Board- The new proposal ivas adopted, thereby eliminating and rendering moot the proposal adopted on April 2f, 1992. The new cost-cutting proposal was to go into effect in August 1992, the beginning of the new school year'.
10. That the actions of the school board in reducing the salaries of its school personnel occurred on July 27,1992, and not on April 14, 1992. That, in his own words, Superintendent Lee admitted at the July 27, 1992, meeting that passage of the new proposal would mean that the proposal of April If, 1992, would never be implemented and would be as if never occurred.
|5(Emphasis added.)
Further, it was also reasonable for the trial court to conclude that the April 1992 proposal could not have been implemented before July 13,1992, the effective date of the statute. At the school board’s regular May 19, 1992 board meeting, the Advisory Committee proposed a special tax election and the meeting minutes reflect that “[t]he committee acknowledged that if this tax does not pass, there will have to be more cuts just to keep the system operating.” During his deposition, Lee was asked, “In other words, the purpose of this tax was to keep from having to cut these supplements?” He responded, “That’s one of the purposes of it, yes.” He later mentioned that “if that tax would have passed, eighty percent would have gone to salaries.” Additionally, Lee mentioned in a July 15, 1992 letter to the editor of the Concordia Sentinel, “I think it is important for the public to understand that if the sales tax does not pass and if salary supplements are drastically cut, school employees will not be the only people who will lose.” (Emphasis added.) Thus, it appears that the school board delayed the implementation of its April 1992 plan, pending the results of the July 18, 1992 special tax election. Had the special tax passed, it would have served as an alternative solution to the school board’s cost-cutting proposal; since it did not, we can reasonably infer that the April 1992 proposal was revisited at the July 27, 1992 special meeting. In fact, the July 27, 1992 meeting minutes characterize the second proposal as a “revised cost-cutting proposal” and Lee referred to it as “a revised proposal” during his deposition. Thus, it appears that two different proposals went before the school board.
Furthermore, the minutes of the special board meeting on July 27, 1992 indicate that “[Superintendent Lee] remarked that failure to revise the cost-cutting proposal would mean that the original proposal would remain in effect. (Revised proposal attached.)” (Emphasis added.) We agree with Brown’s *100 and Partridge’s affidavits that Lee’s statement can be inversely interpreted to mean that the passage of a revised proposal at that meeting would render the original one null. Thus, we conclude that July 27, 1992 is the date that the school board reduced salary supplements; therefore, it cannot escape the mandate of La.R.S. 17:422.6.
Second, the school board theorizes that its July 27, 1992 action merely sought to alter the method of implementing a proposal that was already approved in April of 1992. This argument also fails, as the net effect of the school board’s action on July 27, 1992 resulted in an additional 10% cut to the 10% cut that was already in place forjjthe 1992-93 school term. Even Lee reluctantly admitted at his deposition that the board’s reduction of 20%, as opposed to 10%, of the salary supplements resulted in a smaller paycheck for school board employees during the 1992-93 school year. He also stated in his deposition testimony that “[o]nce the tax failed I knew that we would have to make some adjustments in our original plan. Instead of — I knew that I would have to ask the hoard to change the method of the reduction.” (Emphasis added.) Lee even mentioned at his deposition that “the major cause [of the deficit] was the overextension in terms of supplements, over-staffing.”
Thus, it is obvious that the school board sought to control its operating deficit at the expense of its employees and in direct contravention of La.R.S. 17:422.6(A). We find absolutely no error in the trial court’s decision.
CONCLUSION
Based on the reasons above, the declaratory judgment of the trial court is affirmed in favor of Netherland and Elaine. Costs of this proceeding are cast to the school board.
AFFIRMED.